IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREL LEE SMITH,

        Plaintiff,                      No. CIV S-04-0702 MCE EFB P

    vs.

KING, et al.,

        Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Plaintiff is a state prisoner without counsel suing under 42 U.S.C. § 1983. He alleges that defendant King, a correctional officer, falsely reported "that confidential information had been received that [plaintiff] presented a threat to inmates." Third Amended Complaint at 8. Plaintiff alleges that because of the report he was placed into administrative segregation. According to plaintiff, the false report included information that he and another inmate, Mark Baker, were enemies. Plaintiff claims that entering this false information into his file placed him in danger of an attack by Baker's "homeboys." Attachment to Third Amended Complaint. It appears that plaintiff is asserting that defendant King was deliberately indifferent to plaintiff's safety and violated his Eighth Amendment rights against cruel and ususal punishment.

       Defendant King moves for summary judgment, asserting that there is no genuine issue of material fact about whether he violated plaintiff's due process or Eighth Amendment rights.

Plaintiff has opposed the motion and has also moved for summary judgment.

I.    Facts

At the time of the events giving rise to this action, plaintiff was a prisoner and defendant King was a correctional officer at California State Prison, Sacramento. On March 10, 2003, defendant King escorted plaintiff's cell mate, Mark Baker, to the infirmary because Baker reported feeling ill. Declaration of King ("King Dec.") at ¶ 3. At the infirmary, Baker admitted that he was not sick, but said he wanted to leave the cell because plaintiff Smith had threatened to harm him. *Id*. Baker requested that he be assigned to a different cell because he was afraid plaintiff would attack him. *Id*. Following prison procedures, defendant filled out a form CDC 1030, stating that he had received confidential information that plaintiff had threatened the safety of his cell mate, and gave plaintiff a copy of this form. Ex. 4 to Defendant's Statement of Undisputed Facts ("SUF"); Declaration of King ("King Dec.") at ¶ 8. Thereafter, both plaintiff and Baker were placed in adjoining holding cells, where defendant observed Smith talking to Baker. King Dec. at ¶ 5.

On March 11, 2003, during an interview with defendant and another officer, Lt. McFall, Baker reported that Smith said, "If you don't get out of my cell, I'm gonna kick your ass." King Dec. at ¶ 6. Defendant summarized the interview in a report. King Dec. at ¶ 6.

Defendant King was assigned to investigate the matter to determine if disciplinary charges should be made against plaintiff. King Dec. at ¶ 8; Ex. 5 to Def.'s Mot. On March 10, 2003, Lt. McFall found that there was confidential information demonstrating that plaintiff presented a threat to the security of other prisoners, and ordered plaintiff's placement in administrative segregation. Ex. 5 to Def.'s SUF. Prison officials reviewed this placement at least three times while defendant investigated. Ex. A to Pl.'s SUF at unnumbered pages 8, 9. Defendant delivered a written report of his investigative findings to Lt. T. Ventimaglia. King Dec. at ¶¶ 10, 11. This report exonerated plaintiff of wrongdoing, and on May 7, 2003, plaintiff was released from administrative segregation. Ex. 6 to Def.'s SUF.

There is no evidence that defendant King ever released any information about plaintiff's allegedly having threatened Baker or about the ensuing proceedings.

II.     Summary Judgment Standards

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[1] The utility of Rule 56 to determine whether there is a "genuine issue of material fact," such that the case must be resolved through presentation of testimony and evidence at trial is well established:

> [T]he Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the nonmoving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

---

[1] On October 5, 2004, the court informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

1  bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236,
2  239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).  There can be no genuine issue as to any
3  material fact where there is a complete failure of proof as to an essential element of the
4  nonmoving party's case because all other facts are thereby rendered immaterial.  *Celotex,* 477
5  U.S. at 323.

6       With these standards in mind, it is important to note that plaintiff bears the burden of
7  proof at trial over the issue raised on this motion, i.e., whether the defendant acted with
8  deliberate indifference to the plaintiff's safety.  Moreover, "deliberate indifference" is an
9  essential element of plaintiff's Eighth Amendment claim.  Therefore, to withstand defendant's
10 motion, plaintiff may not rest on the mere allegations or denials of his pleadings.  He must
11 demonstrate a genuine issue for trial.  *Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir.
12 1989).  He must rely on evidence based upon which a fair-minded jury "could return a verdict for
13 [him] on the evidence presented."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252.

14      "As to materiality, the substantive law will identify which facts are material.  Only
15 disputes over facts that might affect the outcome of the suit under the governing law will
16 properly preclude the entry of summary judgment."  *Id.* at 248.  Here, plaintiff's action arises
17 under 42 U.S.C. Section 1983 and the Eighth Amendment.  To prevail at trial, he must prove that
18 the defendant deprived him of his Eighth Amendment rights while acting under color of state
19 law.  To prove an Eighth Amendment violation, plaintiff must show by a preponderance of
20 competent evidence that the defendant knew plaintiff faced a risk of harm that "is not one that
21 today's society chooses to tolerate," and that the defendant was "deliberately indifferent" to that
22 risk.  *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).  As discussed below, plaintiff has
23 failed to establish a genuine dispute for trial over this material issue.

24 III.    <u>Analysis</u>

25      Plaintiff's allegations regarding his placement into administrative segregation based on
26 allegedly false information suggests a due process claim.  However, the claim is not cognizable.

4

Absent allegations that placement in segregated housing is, itself, outside the range of confinement contemplated by the sentence, a claim that placement in segregated housing pending investigation of disciplinary charges violates due process fails as a matter of law. There is no protected liberty interest in not being confined in the security housing unit where placement and retention therein were "within the range of confinement to be normally expected" by prison inmates. *Resnick v. Hayes*, 213 F.3d 443, 448-49 (9th Cir. 2000); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (a prisoner has no protected interest in freedom from administrative segregation). Thus, as to this claim, plaintiff's motion for summary judgment must be denied and the claim must be dismissed for failure to state a cognizable claim.

Defendant also moves for summary judgment on the grounds that plaintiff cannot prove an Eighth Amendment violation. For the reasons explained below, the court finds that plaintiff has failed to demonstrate a genuine issue for trial, and therefore recommends that judgment be entered in defendant's favor.

As noted above, plaintiff's only cognizable claim is that defendant King was deliberately indifferent to plaintiff's safety by falsely noting in plaintiff's central file that plaintiff presented a threat to other inmates. Plaintiff makes much of the fact that the King summarized in a report the interview by King and Lt. McFall of inmate Baker. King's report included a description of Baker's claim that Smith said to Baker "If you don't get out of my cell, I'm gonna kick your ass." King Dec. at ¶ 6. This hardly violates plaintiff's right against cruel and unusual punishment.

The Eighth Amendment requires that the conditions of a prisoner's confinement, even if harsh, have some legitimate penological purpose. *See Hudson v. Palmer*, 468 U.S. 517, 584 (1984); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison officials violate the Eighth Amendment's prohibition on cruel and unusual punishment if they are deliberately indifferent to a risk of harm at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

////

////

Confinement "strips [prisoners] of virtually every means of self-protection," *Farmer*, 511 U.S. at 833, and consequently the release of certain inflammatory information to other prisoners can place a prisoner in such risk of harm as to violate the Eighth Amendment. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989). However, to constitute deliberate indifference, a prison official must know of, or infer from the circumstances, a risk of harm or injury yet fail to take reasonable actions to mitigate or eliminate that risk. Under this standard, the threatened harm must be "one that today's society chooses [not] to tolerate." *Farmer*, 511 U.S. at 837; *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

Here, defendant complains of the placement in his file documentation that Baker reported that plaintiff threatened to "kick his ass." But one purpose of prisoners' central files is to provide prison staff and officials with information necessary to maintain the security of the prison and to protect prisoners from each other. Therefore, information such as this must be documented where prison staff and officials have access to it. Plaintiff has not submitted any evidence that defendant King left the document or a copy of it where other prisoners could see it. Nor has he submitted evidence that defendant King told any prisoner about Baker's alleged report or the reason that both Baker and plaintiff were placed into administrative segregation. On this evidence and regardless of the veracity of the report in plaintiff's central file, no reasonable jury could find that defendant King did anything, intentional or accidental, to create any risk that Baker's "homeboys" would attack plaintiff for threatening Baker. Therefore, plaintiff has failed to adduce evidence of a fact that is essential to his claim and defendant King is entitled to judgment as a matter of law.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's March 28, 2006, motion for summary judgment be denied;

2. Defendant King's March 17, 2006, motion for summary judgment be granted;

3. Judgment be entered in favor of defendant King; and

////

    4. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 2, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE